IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NEXUS DISPLAY TECHNOLOGIES LLC,<br>    Plaintiff,<br>v.<br>DELL INC., et al.<br>    Defendants. | Civil Action No. 2:14-cv-00762-RWS<br>LEAD CASE |
| NEXUS DISPLAY TECHNOLOGIES LLC,<br>    Plaintiff,<br>v.<br>LENOVO (UNITED STATES) INC.,<br>    Defendant. | Civil Action No. 2:14-cv-00763-RWS<br>JURY TRIAL DEMANDED |

**DEFENDANT LENOVO (UNITED STATES) INC.'S AMENDED ANSWER TO NEXUS DISPLAY TECHNOLOGIES LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Lenovo (United States) Inc. ("Lenovo") files this amended answer to Plaintiff Nexus Display Technologies LLC's ("NDT") Complaint as follows. Lenovo's specific responses to the numbered allegations are set forth below. Any allegations not specifically admitted herein are denied.

**THE PARTIES**

1.   Lenovo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

2.   Lenovo admits that it is a corporation organized and existing under the law of Delaware with a principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.

___

## JURISDICTION AND VENUE

3. Lenovo admits that the Complaint purports to be an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*. Lenovo further admits that this Court has jurisdiction over patent law claims under 28 U.S.C. §§ 1331 and 1338(a).

4. Lenovo admits for purposes of this action only that venue is proper in this District as to Lenovo, however, Lenovo asserts that there are one or more alternative venues that are clearly more convenient o this action and reserves all rights to seek to transfer the present action to a more convenient forum. Lenovo denies the remaining allegations of paragraph 4.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,295,578

5. Lenovo admits that United States Patent No. 7,295,578 (the "'578 patent") is entitled "Method And Apparatus for Synchronizing Auxiliary Data And Video Data Transmitted Over A TDMS-Like Link." Lenovo further admits that '578 patent appears to have issued on November 13, 2007. Lenovo denies the remaining allegations of paragraph 5.

6. Denied.

7. Denied.

8. Lenovo admits to having knowledge of the '578 patent as of the filing of the Complaint. To the extent the remaining portion of paragraph 8 contains allegations, Lenovo denies them.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,599,439

9. Lenovo admits that United States Patent No. 7,599,439 (the "'439 patent") is entitled "Method And System for Transmitting N-Bit Video Data Over a Serial Link." Lenovo further admits that '439 patent appears to have issued on October 6, 2009. Lenovo denies the remaining allegations of paragraph 9.

10. Denied.

11. Denied.

12. Lenovo admits to having knowledge of the '439 patent as of the filing of the Complaint. To the extent the remaining portion of paragraph 12 contains allegations, Lenovo denies them.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,835,498

13. Lenovo admits that United States Patent No. 5,835,498 (the "'498 patent") is entitled "System and Method for Sending Multiple Data Signals Over a Serial Link." Lenovo further admits that '498 patent appears to have issued on November 10, 1998. Lenovo denies the remaining allegations of paragraph 13.

14. Denied.

15. Denied.

16. Lenovo admits to having knowledge of the '498 patent as of the filing of the Complaint. To the extent the remaining portion of paragraph 16 contains allegations, Lenovo denies them.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,143,328

17. Lenovo admits that United States Patent No. 7,143,328 (the "'328 patent") is entitled "Auxiliary Data Transmitted Within A Display's Serialized Data Stream." Lenovo further admits that '328 patent appears to have issued on November 28, 2006. Lenovo denies the remaining allegations of paragraph 17.

18. Denied.

19. Denied.

20. Lenovo admits to having knowledge of the '328 patent as of the filing of the Complaint. To the extent the remaining portion of paragraph 20 contains allegations, Lenovo denies them.

___

LENOVO (UNITED STATES) INC.'S AMENDED ANSWER TO
NEXUS DISPLAY TECHNOLOGIES LLC'S COMPLAINT FOR PATENT INFRINGEMENT       PAGE 3

## DEMAND FOR JURY TRIAL

This paragraph sets forth NDT's request for a jury trial to which no response is required.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by NDT to which no response is required. Lenovo denies that NDT is entitled to any of the requested relief and denies any allegations.

## DEFENSES

Subject to the responses above, Lenovo alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, Lenovo specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### First Defense

### (Non-Infringement)

1. Lenovo does not infringe and has not infringed (not directly, indirectly, contributorily, or by inducement) any valid claims of the '578, '439, '498, and '328 patents either literally or under the doctrine of equivalents.

### Second Defense

### (Invalidity)

2. The claims of the '578, '439, '498, and '328 patents are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and 112.

___

LENOVO (UNITED STATES) INC.'S AMENDED ANSWER TO
NEXUS DISPLAY TECHNOLOGIES LLC'S COMPLAINT FOR PATENT INFRINGEMENT    PAGE 4

### Third Defense

### (Waiver, Laches, Estoppel, and Unclean Hands)

3. The claims of the '578, '439, '498, and '328 patents are unenforceable as asserted, in whole or in part, by doctrines of waiver, laches, unclean hands, and/or estoppel.

### Fourth Defense

### (Limitations on Damages)

4. NDT is barred from recovering any pre-lawsuit claim for damages for failure to comply with 35 U.S.C. § 287.

### Fifth Defense

### (Limitation on Costs)

5. NDT is barred from recovering any claim for costs according to 35 U.S.C. § 288.

### Sixth Defense

### (Failure to State a Claim)

6. NDT's Complaint fails to state a claim upon which relief can be granted.

### Seventh Defense

### (Exhaustion)

7. NDT's requested relief is barred or otherwise limited based on the doctrines of full compensation, exhaustion, and/or the "first sale" doctrine, and NDT is not entitled to a double recovery.

### Eighth Defense

### (Reservation of Rights)

8. Lenovo has insufficient knowledge or information to form a belief as to whether it may have yet unstated separate and additional defenses available. Lenovo reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories which may or

will be divulged through clarification of NDT's claims, through discovery, or through further legal analysis of NDT's claims and positions in this litigation.

### Ninth Defense

**(Breach of Contract)**

9. On information and belief, NDT entered into an express and/or implied contract with members of the Video Electronics Standards Association ("VESA"), or alternatively, with VESA to which VESA members and others are third-party beneficiaries, in which NDT agreed, among other things, to abide by VESA's policies and rules. VESA's rules and policies, whether formal or informal, including all stipulations, requirements and representations in any form, constitute a contract between NDT and VESA's members, or alternatively between NDT and VESA, to which VESA members and others are third-party beneficiaries.

10. In accordance with the foregoing, sections 4-6 of VESA's Intellectual Property Rights Policy #200B ("VESA IPR Policy") and associated prior versions, rules and policies require its members to submit letters of assurance including either a general disclaimer to the effect that the patentee will not enforce any of its present or future patents whose use would be required to implement the proposed VESA standard against any person or entity using the patents to comply with the standard or a statements that a license will be made available to all applicants without compensation or under fair, reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination.

11. Furthermore, NDT's representations and other conduct offering licenses on fair, reasonable and non-discriminatory terms, created express and/or implied contracts with VESA and its members, or alternatively between NDT and VESA, to which VESA members and others are third-party beneficiaries.

12. NDT breached its contractual obligations, including by failing to offer licenses for the '578, '439, '498, and '328 patents on fair, reasonable and non-discriminatory terms.

13. Lenovo has incurred damages, and will be further damaged in the future due to NDT's breach of its contractual obligations.

## Tenth Defense

### (Failure to Join Indispensable Parties)

14. Upon information and belief, NDT's claims are barred, in whole or in part, as a result of NDT's failure to join one or more necessary and/or indispensable parties.

## COUNTERCLAIMS

Lenovo, for its Counterclaims against Plaintiff and upon information and belief, states as follows:

## THE PARTIES

1. Defendant Lenovo (United States) Inc. ("Lenovo") is a Delaware corporation with a principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.

2. According to its Complaint, Plaintiff Nexus Display Technologies LLC ("Plaintiff") is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

## JURISDICTION AND VENUE

3. Subject to Lenovo's affirmative defenses and denials, Lenovo alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this District.

4. This Court has personal jurisdiction over Plaintiff.

## FACTUAL BACKGROUND

5. In its Complaint, Plaintiff purports to be the owner of the '578, '439, '498, and '328 patents.

6. In its Complaint, Plaintiff asserts that Lenovo has infringed the '578, '439, '498, and '328 patents.

7. Lenovo does not and has not infringed directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '578, '439, '498, and '328 patents, either literally or under the doctrine of equivalents.

8. The claims of the '578, '439, '498, and '328 patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and 112.

9. Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the '578, '439, '498, and '328 patents.

## COUNT ONE

## Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,295,578

10. Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

11. An actual case or controversy exists between Lenovo and Plaintiff as to whether the '578 patent is not infringed by Lenovo.

12. A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights regarding the '578 patent.

13. Lenovo has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '578 patent, either literally or under the doctrine of equivalents.

14. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,295,578

15. Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 14 of its Counterclaims.

16. An actual case or controversy exists between Lenovo and Plaintiff as to whether the '578 patent is invalid.

17. A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights as to whether the '578 patent is invalid.

18. The '578 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq*., including §§ 101, 102, 103, and 112.

19. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,599,439

20. Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 19 of its Counterclaims.

21. An actual case or controversy exists between Lenovo and Plaintiff as to whether the '439 patent is not infringed by Lenovo.

22. A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights regarding the '439 patent.

23. Lenovo has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '439 patent, either literally or under the doctrine of equivalents.

24. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT FOUR

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,599,439

25. Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 24 of its Counterclaims.

26. An actual case or controversy exists between Lenovo and Plaintiff as to whether the '439 patent is invalid.

27. A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights as to whether the '439 patent is invalid.

28. The '439 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and 112.

29. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT FIVE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,835,498

30. Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 29 of its Counterclaims.

31. An actual case or controversy exists between Lenovo and Plaintiff as to whether the '498 patent is not infringed by Lenovo.

32. A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights regarding the '498 patent.

33. Lenovo has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '498 patent, either literally or under the doctrine of equivalents.

34. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

### COUNT SIX

### Declaratory Judgment of Invalidity of U.S. Patent No. 5,835,498

35. Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 34 of its Counterclaims.

36. An actual case or controversy exists between Lenovo and Plaintiff as to whether the '498 patent is invalid.

37. A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights as to whether the '498 patent is invalid.

38. The '498 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and 112.

39. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

### COUNT SEVEN

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,143,328

40. Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 39 of its Counterclaims.

41. An actual case or controversy exists between Lenovo and Plaintiff as to whether the '328 patent is not infringed by Lenovo.

42. A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights regarding the '328 patent.

43. Lenovo has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '328 patent, either literally or under the doctrine of equivalents.

44. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT EIGHT

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,143,328

45. Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 44 of its Counterclaims.

46. An actual case or controversy exists between Lenovo and Plaintiff as to whether the '328 patent is invalid.

47. A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights as to whether the '328 patent is invalid.

48. The '328 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and 112.

49. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Lenovo prays for judgment as follows:

a. A judgment dismissing Plaintiff's Complaint against Lenovo with prejudice;

    b.    A judgment in favor of Lenovo on all of its Counterclaims;

    c.    A declaration that Lenovo has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the '578, '439, '498, and '328 patents;

    d.    A declaration that the claims of the '578, '439, '498, and '328 patents are invalid;

    e.    A declaration that this case is exceptional and an award to Lenovo of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

    f.    A judgment limiting or barring Plaintiff's ability to enforce the '578, '439, '498, or '328 patents in equity; and

    g.    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Lenovo, by separate filing, respectfully demands a jury trial of all issues triable to a jury in this action.

___

LENOVO (UNITED STATES) INC.'S AMENDED ANSWER TO
NEXUS DISPLAY TECHNOLOGIES LLC'S COMPLAINT FOR PATENT INFRINGEMENT    PAGE 13

Date:     April 6, 2015				Respectfully Submitted,

						*/s/ Eric J. Klein*
						Fred I. Williams (*lead attorney*)
						State Bar No. 00794855
						fwilliams@akingump.com
						AKIN GUMP STRAUSS HAUER & FELD LLP
						600 Congress Avenue, Suite 1350
						Austin, Texas  78701
						Telephone:	(512) 499-6200
						Facsimile:	(512) 499-6290

						Eric J. Klein
						State Bar No. 24041258
						eklein@akingump.com
						Kellie M. Johnson
						kmjohnson@akingump.com
						State Bar No. 24070003
						AKIN GUMP STRAUSS HAUER & FELD LLP
						1700 Pacific Avenue, Suite 4100
						Dallas, Texas  75201
						Telephone:	(214) 969-2800
						Facsimile:	(214) 969-4343

						**ATTORNEYS FOR DEFENDANT/ COUNTERCLAIMANT LENOVO (UNITED STATES) INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 6th day of April, 2015, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

						*/s/ Eric J. Klein*
						Eric J. Klein