UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NEXUS DISPLAY TECHNOLOGIES, LLC<br>       Plaintiff,<br><br>    v.<br><br>DELL INC.,<br><br>       Defendant. | Case No. 2:14-cv-00762 |

**DEFENDANT DELL INC.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Dell Inc. ("Dell"), by its undersigned attorneys, pursuant to the Federal Rules of Civil Procedure, answers Plaintiff Nexus Display Technologies, Inc.'s ("NDT" or "Plaintiff") Complaint as follows, and asserts the following defenses and counterclaims against Plaintiff.

Plaintiff's opening paragraph does not itself appear to contain any allegations requiring a response. Defendant Dell Inc. admits that Plaintiff's pleading purports to be a complaint for patent infringement, but denies Defendant Dell has infringed any valid and enforceable patent claim or that NDT is entitled to any relief. Defendant Dell's specific responses to the numbered allegations are set forth below.

**THE PARTIES**

1. NDT is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

  **ANSWER**: Dell admits that Plaintiff NDT is a Texas limited liability company. Dell denies that NDT's principal place of business is at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2. On information and belief, Defendant Dell, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at One Dell Way, Round Rock, Texas 78682.

**ANSWER**: Admitted.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

**ANSWER**: Admitted.

4. Venue is proper in this federal district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that Defendant has done business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling NDT to relief.

**ANSWER**: Denied.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,295,578

5. On November 13, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,295,578 ("the '578 Patent"), entitled "Method And Apparatus For Synchronizing Auxiliary Data And Video Data Transmitted Over A TMDS-Like Link." NDT holds all rights, title, and interest in and to the '578 Patent. Dell is not licensed to the '578 Patent, yet Dell knowingly, actively, and lucratively practices the patents.

**ANSWER**: Dell admits that U.S. Patent No. 7,295,578 is entitled "Method And Apparatus For Synchronizing Auxiliary Data And Video Data Transmitted Over A TMDS-Like Link." Dell is without knowledge or information sufficient to form a belief as to whether NDT is the owner of the '578 Patent, and therefore denies the same. Dell denies all other allegations of paragraph 5.

6. Upon information and belief, Dell has infringed directly and continues to infringe directly the '578 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '578 Patent. Dell's infringing products include, but are not limited to, at least the Dell Precision, Dell Latitude, Dell XPS, and Alienware series of notebooks, the Dell Optiplex and Dell XPS series of desktops, Dell monitors and Dell multi-touch displays.

**ANSWER**: Denied.

7. The acts of infringement by Dell have caused damage to NDT, and NDT is entitled to recover from Dell the damages sustained by NDT as a result of Dell's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '578 Patent by Dell has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER**: Denied.

8. At least as early as its receipt of this Complaint, Dell has had knowledge of the '578 Patent and written notice of the infringement. NDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER**: Dell admits that it has knowledge of the '578 Patent following receipt of the Complaint. Dell denies the remaining allegations of paragraph 8.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,599,439

9. On October 6, 2009, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,599,439 ("the '439 Patent"), entitled "Method and System for Transmitting N-Bit Video Data Over a Serial Link." NDT holds all rights, title, and interest in and to the '439 Patent. Dell is not licensed to the '439 Patent, yet Dell knowingly, actively, and lucratively practices the patents.

**ANSWER**: Dell admits that U.S. Patent No. 7,599,439 is entitled "Method and System for Transmitting N-Bit Video Data Over a Serial Link." Defendant Dell is without knowledge or information sufficient to form a belief as to whether NDT is the owner of the '439 Patent, and therefore denies the same. Defendant Dell denies all other allegations of paragraph 9.

10. Upon information and belief, Dell has infringed directly and continues to infringe directly the '439 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '439 Patent. Dell's infringing products include, but are not limited to, at least the Dell Precision, Dell Latitude, Dell XPS, and Alienware series of notebooks and the Dell Optiplex and Dell XPS series of desktops.

**ANSWER**: Denied.

3

11. The acts of infringement by Dell have caused damage to NDT, and NDT is entitled to recover from Dell the damages sustained by NDT as a result of Dell's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '439 Patent by Dell has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER**: Denied.

12. At least as early as its receipt of this Complaint, Dell has had knowledge of the '439 Patent and written notice of the infringement. NDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER**: Dell admits that it has knowledge of the '439 Patent following receipt of the Complaint. Dell denies the remaining allegations of paragraph 12.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,835,498

13. On November 10, 1998, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 5,835,498 ("the '498 Patent"), entitled "System and Method For Sending Multiple Data Signals Over a Serial Link." NDT holds all rights, title, and interest in and to the '498 Patent. Dell is not licensed to the '498 Patent, yet Dell knowingly, actively, and lucratively practices the patents.

**ANSWER**: Defendant Dell admits that U.S. Patent No. 5,835,498 is entitled "System and Method For Sending Multiple Data Signals Over a Serial Link." Defendant Dell is without knowledge or information sufficient to form a belief as to whether NDT is the owner of the '498 Patent, and therefore denies the same. Defendant Dell denies all other allegations of paragraph 13.

14. Upon information and belief, Dell has infringed directly and continues to infringe directly the '498 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '498 Patent. Dell's infringing products include, but are not limited to, at least the Dell Precision, Dell Latitude, Dell XPS, and Alienware series of notebooks, the Dell Optiplex and Dell XPS series of desktops, Dell monitors and Dell multi-touch displays.

**ANSWER**: Denied.

15. The acts of infringement by Dell have caused damage to NDT, and NDT is entitled to recover from Dell the damages sustained by NDT as a result of Dell's wrongful acts in

4

an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '498 Patent by Dell has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

  **ANSWER**: Denied.

  16. At least as early as its receipt of this Complaint, Dell has had knowledge of the '498 Patent and written notice of the infringement. NDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

  **ANSWER**: Dell admits that it has knowledge of the '498 Patent following receipt of the Complaint. Dell denies the remaining allegations of paragraph 16.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,143,328

  17. On November 28, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,143,328 ("the '328 Patent"), entitled "Auxiliary Data Transmitted Within A Display's Serialized Data Stream." NDT holds all rights, title, and interest in and to the '328 Patent. Dell is not licensed to the '328 Patent, yet Dell knowingly, actively, and lucratively practices the patents.

  **ANSWER**: Dell admits that U.S. Patent No. 7,143,328 is entitled "Auxiliary Data Transmitted Within A Display's Serialized Data Stream." Defendant Dell is without knowledge or information sufficient to form a belief as to whether NDT is the owner of the '328 Patent, and therefore denies the same. Defendant Dell denies all other allegations of paragraph 17.

  18. Upon information and belief, Dell has infringed directly and continues to infringe directly the '328 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '328 Patent. Dell's infringing products include, but are not limited to, at least the Dell Precision, Dell Latitude, Dell XPS, and Alienware series of notebooks, the Dell Optiplex and Dell XPS series of desktops, Dell monitors and Dell multi-touch displays.

  **ANSWER**: Denied.

  19. The acts of infringement by Dell have caused damage to NDT, and NDT is entitled to recover from Dell the damages sustained by NDT as a result of Dell's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '328 Patent by Dell has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER**: Denied.

20. At least as early as its receipt of this Complaint, Dell has had knowledge of the '328 Patent and written notice of the infringement. NDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285

**ANSWER**: Dell admits that it has knowledge of the '328 Patent following receipt of the Complaint. Dell denies the remaining allegations of paragraph 20.

## JURY DEMAND

21. NDT hereby demands a trial by jury on all issues.

**ANSWER**: This paragraph sets forth NDT's request for a trial by jury, to which no response is required.

## REQUEST FOR RELIEF

Dell denies that NDT is entitled to judgment in its favor or any relief requested in its Request for Relief, and requests that the Court deny NDT's requested relief and award Dell its fees and costs in this action.

## DELL'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### INVALIDITY

1. The claims of the Patents in Suit are invalid for failure to satisfy one or more of the requirements for patentability specified in 35 U.S.C. § 100 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

### SECOND DEFENSE
### PROSECUTION HISTORY ESTOPPEL

2. Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and/or admissions made during prosecution of the patent applications resulting in the Patents in Suit.

### THIRD DEFENSE
### WAIVER, LACHES, AND EQUITABLE ESTOPPEL

3. The claims of the Patents in Suit are unenforceable as asserted, in whole or in part, under the doctrines of waiver, laches, and/or estoppel.

### FOURTH DEFENSE
### LIMITATIONS ON DAMAGES

4. Plaintiff's alleged damages are limited because Plaintiff has not satisfied the requirements for obtaining damages under 35 U.S.C. §§ 286 and 287, and the limitations period further bars past damages claims.

### FIFTH DEFENSE
### EXHAUSTION

5. Plaintiff's requested relief is barred or otherwise limited based on exhaustion, the first sale doctrine, and/or restrictions on double recovery.

### SIXTH DEFENSE
### LIMITATIONS ON DAMAGES TO FAIR, REASONABLE AND NON-DISCRIMINATORY TERMS

6. On information and belief, Silicon Image, Inc., the previous owner of the Asserted Patents and predecessor-in-interest to Plaintiff NDT, has undertaken, in accordance with the relevant rules and intellectual property rights politics of applicable Standard Setting Organizations ("SSOs"), to grant licenses under U.S. Patent No. 7,599,439 ("the '439 Patent") on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions. These FRAND

obligations are found in the Intellectual Property Rights policy adopted by Video Electronics Standards Association ("VESA") including but not limited Exhibit C to VESA Policy #200B.

7. NDT, as purported owner-by-assignment of the '439 Patent, is bound by the agreements, licenses, covenants, obligations, and promises related to the '439 Patent, including Silicon Image's October 17, 2012 agreement to grant licenses to the '439 Patent on fair, reasonable and non-discriminatory terms and conditions pursuant to Exhibit C of VESA Policy #200B.  Nexus Display has not, however, offered Dell reasonable and nondiscriminatory royalty terms and rates proportionate to royalty terms and rates offered to similarly situated companies.  As a beneficiary of the rules and intellectual property rights policies of the relevant SSOs, Dell has the right to be offered FRAND terms and conditions for a license to the '439 Patent.

8. NDT has failed to comply with its FRAND obligations under the relevant rules and intellectual property rights policies of the relevant SSOs with respect to Dell (which is claiming the benefit thereof) by refusing to offer a license on FRAND terms.  NDT's obligations limit the damages, if any, available to NDT in this action.

## **DEFENDANT DELL INC.'S COUNTERCLAIMS**

9. Dell Inc. ("Dell"), for its Counterclaims against Nexus Display Technologies, Inc. ("NDT") and upon information and belief, states as follows:

### **THE PARTIES**

10. Defendant and Counter-Plaintiff Dell has a principal place of business at One Dell Way, Round Rock, Texas 79692, and is a corporation organized and existing under the laws of the State of Delaware.

11. Upon information and belief, Plaintiff and Counter-Defendant NDT is a Texas limited liability company, having its registered agent in Austin, Texas.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and statutory venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

13. This Court has personal jurisdiction over NDT.

## FACTUAL BACKGROUND

14. In its Complaint, NDT asserts that Dell has infringed United States Patent Nos. 7,295,578, 7,599,439, 5,835,498, and 7,143,328 (the "Patents-in-Suit").

15. The claims of the Patents-in-Suit are invalid and/or have not been and are not infringed by Dell, directly or indirectly. Additionally, and as alleged herein, NDT has violated certain contractual obligations to offer U.S. Patent No. 7,599,439 on fair, reasonable, and non-discriminatory grounds.

16. Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the Patents-in-Suit, and over NDT's contractual obligations to Dell in licensing the Patents-in-Suit.

## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 7,295,578, 7,599,439, 5,835,498, AND 7,143,328

17. Dell restates and incorporates by reference its allegations in paragraphs 1 through 7 of its Counterclaims.

18. An actual case or controversy exists between Dell and NDT as to whether the Patents-in-Suit are not infringed by Dell.

19. A judicial declaration is necessary and appropriate so that Dell may ascertain its rights regarding the Patents-in-Suit.

20. Dell has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the Patents-in-Suit.

21. This is an exceptional case under 35 U.S.C. § 285 because NDT filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENTS NO. 7,295,578, 7,599,439, 5,835,498, AND 7,143,328

22. Dell restates and incorporates by reference its allegations in paragraphs 1 through 21 of its Counterclaims.

23. An actual case or controversy exists between Dell and NDT as to whether the Patents-in- Suit are invalid.

24. A judicial declaration is necessary and appropriate so that Dell may ascertain its rights as to whether the Patents-in-Suit are invalid.

25. The Patents in Suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.* including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

26. This is an exceptional case under 35 U.S.C. § 285 because NDT filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT III

### BREACH OF CONTRACT

27. Dell restates and incorporates by reference its allegations in paragraphs 1 through 26 of its Counterclaims.

28. On information and belief, NDT is obligated under the relevant rules and intellectual property rights policies of applicable Standard Setting Organizations ("SSOs"), to

grant licenses under U.S. Patent No. 7,599,439 (the "'439 Patent") on fair, reasonable and non-discriminatory ("FRAND") terms and conditions.

29. On information and belief, NDT acquired its alleged rights in the Patents-in-Suit by assignment from Acacia Research Group, LLC ("Acacia"), on June 16, 2014. At the time of the agreement between Acacia Research Group, LLC and NDT, Acacia was the owner of the '439 Patent by assignment from Silicon Image, Inc. ("Silicon Image"). Silicon Image assigned the '439 Patent to Acacia on or about April 11, 2014.

30. Prior to the assignment to Acacia, on or about October 17, 2012, and for consideration, including membership, participation and potential licensing fees, Silicon Image entered into an express and/or implied contract with Video Electronics Standards Association ("VESA") members, or alternatively with VESA, to which VESA members and other third party beneficiaries, in which Silicon Image agreed, among other things, to abide by VESA's policies and rules. VESA's policies and rules, whether formal or informal, including all stipulations, amendments, modifications, requirements and representations in any form, constitute a contract between Silicon Image and VESA's members, or alternatively with VESA, to which VESA members and other third parties are beneficiaries.

31. VESA's policies and rules require its members and patent holders to submit, among other things, an executed copy of Exhibit C to VESA's Intellectual Property Rights policy, VESA Policy #200B. Members and patent holders that fill out and execute copies of Exhibit C represent and warrant that they have reviewed VESA's current policies regarding intellectual property rights, and agree to fully comply with those policies. Members may also irrevocably agree that a license to any Member or non-member will be made available upon request for any patent or future patent whose use would be required to implement any VESA

specification or standard, and that the license will be available under reasonable and non-discriminatory rates, terms and conditions.

32. Silicon Image submitted an executed copy of Exhibit C of VESA Policy #200B. Silicon Image agreed that it would "license all Patent claim(s) which are owned by it and which is (are) Necessarily Infringed by the use or implementation of the proposed Specification/Standard, on a perpetual . . . non-exclusive and worldwide basis to those (Members and non-members alike) desiring to use or implement Specification/Standard; and that such a license shall be . . . With requirement of paying a royalty or other fee, and under RAND (Reasonable and Non-Discriminatory) terms and conditions (including with respect to the royalty or other fee) that are Reasonable and Non-Discriminatory."

33. Silicon Image indicated on the same October 17, 2012 Exhibit C IPR Response Form that the Specification/Standards by which the '439 Patent would necessarily be infringed were "DisplayPort, iDP, eDP, myDP" (hereinafter "the DisplayPort Standards").

34. Silicon Image's representations, conduct and promises, including without limitation, its submission of an executed version of Exhibit C IPR Response Form under VESA Policy #200B representing that it would offer licenses to the '439 Patent on RAND terms, created express and/or implied contracts with VESA and its members, or alternatively between Silicon Image and VESA, to which VESA members and other third parties such as suppliers and users of the DisplayPort Standard-compatible products are third party beneficiaries.

35. In reliance on such assurances and in the event that '439 patent is found valid, infringed, and enforceable, companies such as Dell invested resources in developing, marketing, selling, and improving products that are compatible with DisplayPort, iDP, eDP, and/or myDP standards.

36. NDT holds itself out as holding all rights, title, and interest in and to the Patents-in-Suit, including the '439 Patent. As the purported assignee to the '439 Patent which was subject to Silicon Image's agreement to offer licenses on RAND terms, NDT is bound by the agreements, licenses, covenants, obligations, and promises relating to the '439 Patent entered into by Silicon Image.

37. In the event that '439 patent is found valid, infringed, and enforceable, NDT breached its contractual obligations by making demands under terms that are unfair, unreasonable, and not free from discrimination, and by seeking to enjoin Dell, its officers, agents, employees and those acting in privity with Dell, from making, using, selling or offering to sell products compatible with the DisplayPort Standards.

38. In the event that '439 patent is found valid, infringed, and enforceable, NDT has failed to comply with its FRAND obligations under the relevant rules and intellectual property rights policies of the relevant SSOs with respect to Dell (which is claiming the benefit thereof) by refusing to offer a license on FRAND terms. NDT's obligations limit the damages, if any, available to NDT in this action.

39. In the event that '439 patent is found valid, infringed, and enforceable, Dell has incurred damages, and will be further damaged in the future, due to NDT's breach of its contractual obligations, including the costs of defending this litigation.

### COUNT IV

#### PROMISSORY ESTOPPEL

40. Dell restates and incorporates by reference its allegations in paragraphs 1 through 39 of its Counterclaims.

41. Silicon Image made representations and engaged in other conduct, including that Silicon Image agreement that it would license the '439 Patent on RAND terms. Silicon Image's

representations and other conduct constituted promises to VESA, its members, and third party beneficiaries as well as their customers. By making those promises, Silicon Image knew or reasonably should have known that they would have been relied upon.

42. NDT, as purported assignee of the '439 Patent, is bound by Silicon Image's representations and other conduct constituting promises to VESA, its members and third-party beneficiaries, including Dell.

43. In the event that '439 patent is found valid, infringed, and enforceable, Dell, along with VESA, its members and third-party beneficiaries, and consistent with VESA's Intellectual Property Rights Policy, reasonably relied on the promises from Silicon Image in making, using, selling and offering for sale products NDT now accuses of allegedly infringing the '439 Patent.

44. In the event that '439 patent is found valid, infringed, and enforceable, Dell has been damaged as a result of its reasonable reliance, which can only be remedied by enforcement of NDT's promises and obligations.

**REQUEST FOR RELIEF**

WHEREFORE, Dell respectfully requests that this Court enter judgment in its favor and against Plaintiff as follows:

   a.  A declaration that Dell's accused products do not infringe any valid claim of the '578, '439, '498 or '328 Patents;

   b.  A declaration that the claims of the '578, '439, '498 and '328 Patents are invalid and/or void;

   c.  A declaration that the NDT has breached its contractual obligations

   d.  In the event that '439 patent is found valid, infringed, and enforceable, a judgment requiring NDT specific performance under its contract with VESA and/or VESA members to grant licenses to the '439 Patent to Dell on fair, reasonable, and non-discriminatory terms and conditions;

   e.  In the event that '439 patent is found valid, infringed, and enforceable, a judgment requiring NDT to pay damages for breaching its contract with VESA and/or

VESA members to grant licenses to the '439 Patent to Dell on fair, reasonable, and non-discriminatory terms and conditions;

f. A declaration this is an exceptional case and awarding attorneys' fees to Dell pursuant to 35 U.S.C. § 285;

g. An award to Dell its costs and expenses for this action; and

h. An award to Dell any and all such other relief that the Court deems just and proper.

Dated: April 6, 2015                                      Respectfully submitted,


                                                By: /s/ Kimball R. Anderson

                                                Deron R. Dacus
                                                Texas State Bar No. 00790553
                                                ddacus@dacusfirm.com
                                                THE DACUS FIRM, PC
                                                821 ESE Loop 323, Suite 430
                                                Tyler, TX 75701
                                                Telephone: (903) 705-1117
                                                Facsimile: (903) 705-1117

                                                Kimball R. Anderson
                                                kanderson@winston.com
                                                Kathleen B. Barry
                                                kbarry@winston.com
                                                WINSTON & STRAWN LLP
                                                35 West Wacker Drive
                                                Chicago, IL 60601
                                                Telephone: (312) 558-5600
                                                Facsimile: (312) 558-5700

                                                *Attorneys for Defendant Dell Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 6 2015, I electronically filed the foregoing **DEFENDANT DELL INC.'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** with the Clerk of the Court for the Eastern District of Texas using the ECF System, which will send notification to counsel of record, including:

Dated: April 6, 2015                Respectfully submitted,

                                        By: /s/ Kimball R. Anderson

                                        Deron R. Dacus
                                        Texas State Bar No. 00790553
                                        ddacus@dacusfirm.com
                                        THE DACUS FIRM, PC
                                        821 ESE Loop 323, Suite 430
                                        Tyler, TX 75701
                                        Telephone: (903) 705-1117
                                        Facsimile: (903) 705-1117

                                        Kimball R. Anderson
                                        kanderson@winston.com
                                        Kathleen B. Barry
                                        kbarry@winston.com
                                        WINSTON & STRAWN LLP
                                        35 West Wacker Drive
                                        Chicago, IL 60601
                                        Telephone: (312) 558-5600
                                        Facsimile: (312) 558-5700

                                        *Attorneys for Defendant Dell Inc.*