IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **NEXUS DISPLAY TECHNOLOGIES LLC,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **DELL INC.,** § <br> § <br> **Defendants.** § <br> § | Case No.: 2:14-cv-00762-JRG <br><br> **Jury Trial Requested** |

**PLAINTIFF NEXUS DISPLAY TECHNOLOGIES LLC'S
ANSWER TO DELL INC.'S COUNTERCLAIMS**

Plaintiff Nexus Display Technologies LLC ("Nexus" or "NDT") by and through its undersigned counsel, files this Answer to the Counterclaims filed by Defendant Dell Inc. ("Dell"). Nexus answers Dell's counterclaims using the same paragraph numbers used in Dell's pleading.

**DEFENDANT DELL INC.'S COUNTERCLAIMS**

9. Dell Inc. ("Dell"), for its Counterclaims against Nexus Display Technologies, Inc. ("NDT") and upon information and belief, states as follows:

**NDT's Answer:** NDT repeats and re-alleges and incorporates herein the allegations and claims contained in NDT's Complaint. NDT admits that Dell purports to state counterclaims.

**THE PARTIES**

10. Defendant and Counter-Plaintiff Dell has a principal place of business at One Dell Way, Round Rock, Texas 79692, and is a corporation organized and existing under the laws of the State of Delaware.

**NDT's Answer:** NDT admits that Dell has a principal place of business at One Dell Way, Round Rock, Texas 79692. NDT admits that Dell is a corporation organized and existing

1

under the laws of the State of Delaware.

11. Upon information and belief, Plaintiff and Counter-Defendant NDT is a Texas limited liability company, having its registered agent in Austin, Texas.

**NDT's Answer:** NDT admits that it is a Texas limited liability company and admits that it has a registered agent in Austin, Texas.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and statutory venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

**NDT's Answer:** NDT admits that this Court has jurisdiction over the subject matter of Dell's Counterclaims and admits that statutory venue is proper in this District.

13. This Court has personal jurisdiction over NDT.

**NDT's Answer:** Admitted.

## FACTUAL BACKGROUND

14. In its Complaint, NDT asserts that Dell has infringed United States Patent Nos. 7,295,578, 7,599,439, 5,835,498, and 7,143,328 (the "Patents-in-Suit").

**NDT's Answer:** Admitted.

15. The claims of the Patents-in-Suit are invalid and/or have not been and are not infringed by Dell, directly or indirectly. Additionally, and as alleged herein, NDT has violated certain contractual obligations to offer U.S. Patent No. 7,599,439 on fair, reasonable, and non-discriminatory grounds.

**NDT's Answer:** Denied

16. Consequently, there is an actual case or controversy between the parties over

the non-infringement and invalidity of the Patents-in-Suit, and over NDT's contractual obligations to Dell in licensing the Patents-in-Suit.

**NDT's Answer:** NDT admits that there is an actual case or controversy between the parites as to the infringement and validity of the Patents-in-Suit, but denies that there is an actual case or controversy regarding NDT's purported contractual obligations to Dell.

## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 7,295,578, 7,599,439, 5,835,498, AND 7,143,328

17. Dell restates and incorporates by reference its allegations in paragraphs 1 through 7 of its Counterclaims.

**NDT's Answer:** NDT does not have information to respond to this allegation to the extent that there are no paragraphs 1 through 7 in Dell's Counterclaims. To the extent Dell intended to incorporate prior paragraphs of its Counterclaims, however, NDT restates and incorporates its responses to each of those paragraphs in Dell's Counterclaims.

18. An actual case or controversy exists between Dell and NDT as to whether the Patents-in-Suit are not infringed by Dell.

**NDT's Answer:** Admitted.

19. A judicial declaration is necessary and appropriate so that Dell may ascertain its rights regarding the Patents-in-Suit.

**NDT's Answer:** Admitted.

20. Dell has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the Patents-in-Suit.

3

**NDT's Answer:** Denied.

21. This is an exceptional case under 35 U.S.C. § 285 because NDT filed its Complaint with knowledge of the facts stated in this Counterclaim.

**NDT's Answer:** NDT denies that Dell is entitled to attorney fees under 35 U.S.C. § 285, and consequently denies the allegations contained in this paragraph.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENTS NO. 7,295,578, 7,599,439, 5,835,498, AND 7,143,328

22. Dell restates and incorporates by reference its allegations in paragraphs 1 through 21 of its Counterclaims.

**NDT's Answer:** NDT does not have information to respond to this allegation to the extent that there are no paragraphs 1 through 8 in Dell's Counterclaims. To the extent Dell intended to incorporate prior paragraphs of its Counterclaims, however, NDT restates and incorporates its responses to each of those paragraphs in Dell's Counterclaims.

23. An actual case or controversy exists between Dell and NDT as to whether the Patents-in- Suit are invalid.

**NDT's Answer:** Admitted.

24. A judicial declaration is necessary and appropriate so that Dell may ascertain its rights as to whether the Patents-in-Suit are invalid.

**NDT's Answer:** Admitted**.**

25. The Patents in Suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.* including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

**NDT's Answer:** Denied.

26. This is an exceptional case under 35 U.S.C. § 285 because NDT filed its Complaint with knowledge of the facts stated in this Counterclaim.

**NDT's Answer:** NDT denies that Dell is entitled to attorney fees under 35 U.S.C. § 285, and consequently denies the allegations contained in this paragraph.

## COUNT III

### BREACH OF CONTRACT

27. Dell restates and incorporates by reference its allegations in paragraphs 1 through 26 of its Counterclaims.

**NDT's Answer:** NDT does not have information to respond to this allegation to the extent that there are no paragraphs 1 through 8 in Dell's Counterclaims. To the extent Dell intended to incorporate prior paragraphs of its Counterclaims, however, NDT restates and incorporates its responses to each of those paragraphs in Dell's Counterclaims.

28. On information and belief, NDT is obligated under the relevant rules and intellectual property rights policies of applicable Standard Setting Organizations ("SSOs"), to grant licenses under U.S. Patent No. 7,599,439 (the "'439 Patent") on fair, reasonable and non- discriminatory ("FRAND") terms and conditions.

**NDT's Answer:** NDT does not have information sufficient to admit or deny this allegation, and therefore denies this allegation.

29. On information and belief, NDT acquired its alleged rights in the Patents-in-Suit by assignment from Acacia Research Group, LLC ("Acacia"), on June 16, 2014. At the time of the agreement between Acacia Research Group, LLC and NDT, Acacia was the owner of the '439 Patent by assignment from Silicon Image, Inc. ("Silicon Image"). Silicon

5

Image assigned the '439 Patent to Acacia on or about April 11, 2014.

**NDT's Answer:** Admitted.

30. Prior to the assignment to Acacia, on or about October 17, 2012, and for consideration, including membership, participation and potential licensing fees, Silicon Image entered into an express and/or implied contract with Video Electronics Standards Association ("VESA") members, or alternatively with VESA, to which VESA members and other third party beneficiaries, in which Silicon Image agreed, among other things, to abide by VESA's policies and rules. VESA's policies and rules, whether formal or informal, including all stipulations, amendments, modifications, requirements and representations in any form, constitute a contract between Silicon Image and VESA's members, or alternatively with VESA, to which VESA members and other third parties are beneficiaries.

**NDT's Answer:** NDT does not have information sufficient to admit or deny this allegation, and therefore denies this allegation.

31. VESA's policies and rules require its members and patent holders to submit, among other things, an executed copy of Exhibit C to VESA's Intellectual Property Rights policy, VESA Policy #200B. Members and patent holders that fill out and execute copies of Exhibit C represent and warranty that they have reviewed VESA's current policies regarding intellectual property rights, and agree to fully comply with those policies. Members may also irrevocably agree that a license to any Member or non-member will be made available upon request for any patent or future patent whose use would be required to implement any VESA specification or standard, and that the license will be available under reasonable and non- discriminatory rates, terms and conditions.

**NDT's Answer:** NDT does not have information sufficient to admit or deny this

allegation, and therefore denies this allegation.

32. Silicon Image submitted an executed copy of Exhibit C of VESA Policy #200B. Silicon Image agreed that it would "license all Patent claim(s) which are owned by it and which is (are) Necessarily Infringed by the use or implementation of the proposed Specification/Standard, on a perpetual . . . non-exclusive and worldwide basis to those (Members and non-members alike) desiring to use or implement Specification/Standard; and that such a license shall be . . . With requirement of paying a royalty or other fee, and under RAND (Reasonable and Non-Discriminatory) terms and conditions (including with respect to the royalty or other fee) that are Reasonable and Non-Discriminatory."

**NDT's Answer:** NDT does not have information sufficient to admit or deny this allegation, and therefore denies this allegation.

33. Silicon Image indicated on the same October 17, 2012 Exhibit C IPR Response Form that the Specification/Standards by which the '439 Patent would necessarily be infringed were "DisplayPort, iDP, eDP, myDP" (hereinafter "the DisplayPort Standards").

**NDT's Answer:** NDT does not have information sufficient to admit or deny this allegation, and therefore denies this allegation.

34. Silicon Image's representations, conduct and promises, including without limitation, its submission of an executed version of Exhibit C IPR Response Form under VESA Policy #200B representing that it would offer licenses to the '439 Patent on RAND terms, created express and/or implied contracts with VESA and its members, or alternatively between Silicon Image and VESA, to which VESA members and other third parties such as suppliers and users of the DisplayPort Standard-compatible products are third party beneficiaries.

7

**NDT's Answer:** NDT does not have information sufficient to admit or deny this allegation, and therefore denies this allegation.

35. In reliance on such assurances and in the event that '439 patent is found valid, infringed, and enforceable, companies such as Dell invested resources in developing, marketing, selling, and improving products that are compatible with DisplayPort, iDP, eDP, and/or myDP standards.

**NDT's Answer:** NDT does not have information sufficient to admit or deny this allegation, and therefore denies this allegation.

36. NDT holds itself out as holding all rights, title, and interest in and to the Patents-in-Suit, including the '439 Patent. As the purported assignee to the '439 Patent which was subject to Silicon Image's agreement to offer licenses on RAND terms, NDT is bound by the agreements, licenses, covenants, obligations, and promises relating to the '439 Patent entered into by Silicon Image.

**NDT's Answer:** Admitted that NDT holds all rights, title, and interest in and to the Patents- in-Suit, including the '439 Patent. The second sentence of this paragraph does not require a response because it states a legal conclusion. To the extent the second sentence of this paragraph makes any factual allegations, NDT does not have information sufficient to admit or deny any of these factual allegations, and therefore denies these allegation.

37. In the event that '439 patent is found valid, infringed, and enforceable, NDT breached its contractual obligations by making demands under terms that are unfair, unreasonable, and not free from discrimination, and by seeking to enjoin Dell, its officers, agents, employees and those acting in privity with Dell, from making, using, selling or offering to sell products compatible with the DisplayPort Standards.

**NDT's Answer:** This paragraph does not require a response because it states a legal conclusion. Denied, however, to the extent this paragraph makes any factual allegations.

38. In the event that '439 patent is found valid, infringed, and enforceable, NDT has failed to comply with its FRAND obligations under the relevant rules and intellectual property rights policies of the relevant SSOs with respect to Dell (which is claiming the benefit thereof) by refusing to offer a license on FRAND terms. NDT's obligations limit the damages, if any, available to NDT in this action.

**NDT's Answer:** This paragraph does not require a response because it states a legal conclusion. Denied, however, to the extent this paragraph makes any factual allegations.

39. In the event that '439 patent is found valid, infringed, and enforceable, Dell has incurred damages, and will be further damaged in the future, due to NDT's breach of its contractual obligations, including the costs of defending this litigation.

**NDT's Answer:** This paragraph does not require a response because it states a legal conclusion. Denied, however, to the extent this paragraph makes any factual allegations.

## COUNT IV
### PROMISSORY ESTOPPEL

40. Dell restates and incorporates by reference its allegations in paragraphs 1 through 39 of its Counterclaims.

**NDT's Answer:** NDT does not have information to respond to this allegation to the extent that there are no paragraphs 1 through 8 in Dell's Counterclaims. To the extent Dell intended to incorporate prior paragraphs of its Counterclaims, however, NDT restates and incorporates its responses to each of those paragraphs in Dell's Counterclaims.

41. Silicon Image made representations and engaged in other conduct, including

that Silicon Image agreement that it would license the '439 Patent on RAND terms. Silicon Image's representations and other conduct constituted promises to VESA, its members, and third party beneficiaries as well as their customers. By making those promises, Silicon Image knew or reasonably should have known that they would have been relied upon.

  **NDT's Answer:** This paragraph does not require a response because it states only legal conclusions. To the extent this paragraph makes any factual allegations, NDT does not have information sufficient to admit or deny such factual allegations, and therefore denies these allegations.

  42. NDT, as purported assignee of the '439 Patent, is bound by Silicon Image's representations and other conduct constituting promises to VESA, its members and third-party beneficiaries, including Dell.

  **NDT's Answer:** Admitted the NDT is the assignee of the '439 Patent. This paragraph does not require a response because it states only legal conclusions. To the extent this paragraph makes any factual allegations, NDT does not have information sufficient to admit or deny such factual allegations, and therefore denies these allegations.

  43. In the event that '439 patent is found valid, infringed, and enforceable, Dell, along with VESA, its members and third-party beneficiaries, and consistent with VESA's Intellectual Property Rights Policy, reasonably relied on the promises from Silicon Image in making, using, selling and offering for sale products NDT now accuses of allegedly infringing the '439 Patent.

  **NDT's Answer:** This paragraph does not require a response because it states only legal conclusions. To the extent this paragraph makes any factual allegations, NDT does not have information sufficient to admit or deny such factual allegations, and therefore denies these

allegations.

44.   In the event that '439 patent is found valid, infringed, and enforceable, Dell has been damaged as a result of its reasonable reliance, which can only be remedied by enforcement of NDT's promises and obligations.

**NDT's Answer:** This paragraph does not require a response because it states only legal conclusions.  To the extent this paragraph makes any factual allegations, NDT does not have information sufficient to admit or deny such factual allegations, and therefore denies these allegations.

## REQUEST FOR RELIEF

WHEREFORE, Dell respectfully requests that this Court enter judgment in its favor and against Plaintiff as follows:

- a. A declaration that Dell's accused products do not infringe any valid claim of the '578, '439, '498 or '328 Patents;

- b. A declaration that the claims of the '578, '439, '498 and '328 Patents are invalid and/or void;

- c. A declaration that the NDT has breached its contractual obligations

- d. In the event that '439 patent is found valid, infringed, and enforceable, a judgment requiring NDT specific performance under its contract with VESA and/or VESA members to grant licenses to the '439 Patent to Dell on fair, reasonable, and non-discriminatory terms and conditions;

- e. In the event that '439 patent is found valid, infringed, and enforceable, a judgment requiring NDT to pay damages for breaching its contract with VESA and/or VESA members to grant licenses to the '439 Patent to Dell on fair, reasonable, and non-discriminatory terms and conditions;

- f. A declaration this is an exceptional case and awarding attorneys' fees to Dell pursuant to 35 U.S.C. § 285;

- g. An award to Dell its costs and expenses for this action; and

- h. An award to Dell any and all such other relief that the Court deems just

and proper.

**NDT's Answer:** NDT denies that Dell is entitled to judgment in its favor or any relief requested in its Request for Relief, and requests that the Court deny Dell's requested relief and award NDT the relief requested in NDT's Complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
### **LACK OF STANDING**

1. Dell's Breach of Contract and Promissory Estoppel claims are barred because Dell does not have standing to bring these claims.

### **SECOND AFFIRMATIVE DEFENSE**
### **FAILURE TO JOIN AN INDISPENSABLE PARTY**

1. Dell's Breach of Contract and Promissory Estoppel claims are barred due to failure to join an indispensable party, Silicon Image, Inc. and/or the Video Electronics Standards Association ("VESA").

### **THIRD AFFIRMATIVE DEFENSE**
### **NO DAMAGES**

2. Dell's claims are barred because Dell has not suffered any damages.

Dated: April 20, 2015  Respectfully submitted,

*/s/ Alisa Lipski*
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Alisa A. Lipski
Texas Bar No. 24041345
alipski@azalaw.com
Justin Chen
Texas Bar No. 24074204
jchen@azalaw.com
Jamie A. Aycock
Texas Bar No. 24050241
jamieaycock@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR PLAINTIFF NEXUS DISPLAY TECHNOLOGIES LLC**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 20, 2015.

*/s/ Alisa Lipski*