**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **NEXUS DISPLAY TECHNOLOGIES LLC,** | § | **Civil Action No: 2:14-cv-00762** |
| | § | **(Lead Case)** |
| **Plaintiff,** | § | |
| | § | **Jury Trial Requested** |
| **v.** | § | |
| | § | |
| **LENOVO (UNITED STATES) INC.** | § | **Civil Action No. 2:14-cv-00763** |
| | § | **(Consolidated Case)** |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF NEXUS DISPLAY TECHNOLOGIES LLC'S ANSWER TO DEFENDANT LENOVO (UNITED STATES) INC.'S COUNTERCLAIMS**

Plaintiff Nexus Display Technologies LLC ("Nexus" or "NDT") by and through its undersigned counsel, files this Answer to the Counterclaims filed by Lenovo (United States) Inc. ("Lenovo").  Nexus answers Lenovo's counterclaims using the same paragraph numbers used in Lenovo's pleading.

## COUNTERCLAIMS

Lenovo, for its Counterclaims against Plaintiff and upon information and belief, states as follows:

**NDT's Answer:**  NDT repeats and re-alleges and incorporates herein the allegations and claims contained in NDT's Complaint. NDT admits that Lenovo purports to state counterclaims.

## THE PARTIES

1.     Defendant Lenovo (United States) Inc. ("Lenovo") is a Delaware corporation with a principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.

**NDT's Answer:**  NDT admits that Lenovo is a Delaware corporation with a principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.

2.      According to its Complaint, Plaintiff Nexus Display Technologies LLC ("Plaintiff") is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

**NDT's Answer:**  NDT admits that it is a Texas limited liability company having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

## JURISDICTION AND VENUE

3.      Subject to Lenovo's affirmative defenses and denials, Lenovo alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this District.

**NDT's Answer:**  NDT admits that this Court has jurisdiction over the subject matter of Lenovo's Counterclaims and admits that statutory venue is proper in this District.

4.      This Court has personal jurisdiction over Plaintiff.

**NDT's Answer:**  NDT admits that this Court has personal jurisdiction over NDT.

## FACTUAL BACKGROUND

5.      In its Complaint, Plaintiff purports to be the owner of the '578, '439, '498, and '328 patents.

**NDT's Answer:**  Admitted.

6.      In its Complaint, Plaintiff asserts that Lenovo has infringed the '578, '439, '498, and '328 patents.

**NDT's Answer:**  Admitted.

2

7.      Lenovo does not and has not infringed directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '578, '439, '498, and '328 patents, either literally or under the doctrine of equivalents.

**NDT's Answer:**  Denied.

8.      The claims of the '578, '439, '498, and '328 patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq*., including §§ 101, 102, 103, and 112.

**NDT's Answer:**  Denied.

9.      Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the '578, '439, '498, and '328 patents.

**NDT's Answer:**  Admitted.

**COUNT ONE**

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,295,578**

10.     Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

**NDT's Answer:**  NDT restates and incorporates by reference its responses to paragraphs 1 through 9.

11.     An actual case or controversy exists between Lenovo and Plaintiff as to whether the '578 patent is not infringed by Lenovo.

**NDT's Answer:**  Admitted.

12.     A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights regarding the '578 patent.

**NDT's Answer:**  Admitted.

13.     Lenovo has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '578 patent, either literally or under the doctrine of equivalents.

**NDT's Answer:**  Denied.

14.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**NDT's Answer:**  NDT denies that Lenovo is entitled to attorney fees under 35 U.S.C. § 285, and consequently denies the allegations contained in this paragraph.

## COUNT TWO

## Declaratory Judgment of Invalidity of U.S. Patent No. 7,295,578

15.     Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 14 of its Counterclaims.

**NDT's Answer:**  NDT restates and incorporates by reference its responses to paragraphs 1 through 14.

16.     An actual case or controversy exists between Lenovo and Plaintiff as to whether the '578 patent is invalid.

**NDT's Answer:**  Admitted.

17.     A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights as to whether the '578 patent is invalid.

**NDT's Answer:**  Admitted.

18.     The '578 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and 112.

**NDT's Answer:**  Denied.

19.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**NDT's Answer:**  NDT denies that Lenovo is entitled to attorney fees under 35 U.S.C. § 285, and consequently denies the allegations contained in this paragraph.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,599,439

20.     Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 19 of its Counterclaims.

**NDT's Answer:**  NDT restates and incorporates by reference its responses to paragraphs 1 through 19.

21.     An actual case or controversy exists between Lenovo and Plaintiff as to whether the '439 patent is not infringed by Lenovo.

**NDT's Answer:**  Admitted.

22.     A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights regarding the '439 patent.

**NDT's Answer:**  Admitted.

23.     Lenovo has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '439 patent, either literally or under the doctrine of equivalents.

**NDT's Answer:**  Denied.

24.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**NDT's Answer:**  NDT denies that Lenovo is entitled to attorney fees under 35 U.S.C. § 285, and consequently denies the allegations contained in this paragraph.

## COUNT FOUR

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,599,439

25.     Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 24 of its Counterclaims.

**NDT's Answer:**  NDT restates and incorporates by reference its responses to paragraphs 1 through 24.

26.     An actual case or controversy exists between Lenovo and Plaintiff as to whether the '439 patent is invalid.

**NDT's Answer:**  Admitted.

27.     A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights as to whether the '439 patent is invalid.

**NDT's Answer:**  Admitted.

28.     The '439 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq*., including §§ 101, 102, 103, and 112.

**NDT's Answer:**  Denied.

29.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**NDT's Answer:**  NDT denies that Lenovo is entitled to attorney fees under 35 U.S.C. § 285, and consequently denies the allegations contained in this paragraph.

## COUNT FIVE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,835,498

30.     Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 29 of its Counterclaims.

6

**NDT's Answer:**  NDT restates and incorporates by reference its responses to paragraphs 1 through 29.

31.     An actual case or controversy exists between Lenovo and Plaintiff as to whether the '498 patent is not infringed by Lenovo.

**NDT's Answer:**  Admitted.

32.     A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights regarding the '498 patent.

**NDT's Answer:**  Admitted.

33.     Lenovo has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '498 patent, either literally or under the doctrine of equivalents.

**NDT's Answer:**  Denied.

34.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**NDT's Answer:**  NDT denies that Lenovo is entitled to attorney fees under 35 U.S.C. § 285, and consequently denies the allegations contained in this paragraph.

## COUNT SIX

## Declaratory Judgment of Invalidity of U.S. Patent No. 5,835, 498

35.     Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 34 of its Counterclaims.

**NDT's Answer:**  NDT restates and incorporates by reference its responses to paragraphs 1 through 34.

36.     An actual case or controversy exists between Lenovo and Plaintiff as to whether the '498 patent is invalid.

**NDT's Answer:**  Admitted.

37.     A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights as to whether the '498 patent is invalid.

**NDT's Answer:**  Admitted.

38.     The '498 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and 112.

**NDT's Answer:**  Denied.

39.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**NDT's Answer:**  NDT denies that Lenovo is entitled to attorney fees under 35 U.S.C. § 285, and consequently denies the allegations contained in this paragraph.

## COUNT SEVEN

## Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,143,328

40.     Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 39 of its Counterclaims.

**NDT's Answer:**  NDT restates and incorporates by reference its responses to paragraphs 1 through 39.

41.     An actual case or controversy exists between Lenovo and Plaintiff as to whether the '328 patent is not infringed by Lenovo.

**NDT's Answer:**  Admitted.

42.     A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights regarding the '328 patent.

**NDT's Answer:**  Admitted.

43.     Lenovo has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '328 patent, either literally or under the doctrine of equivalents.

**NDT's Answer:**  Denied.

44.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**NDT's Answer:**  NDT denies that Lenovo is entitled to attorney fees under 35 U.S.C. § 285, and consequently denies the allegations contained in this paragraph.

<u>**COUNT EIGHT**</u>

<u>**Declaratory Judgment of Invalidity of U.S. Patent No. 7,143,328**</u>

45.     Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 44 of its Counterclaims.

**NDT's Answer:**  NDT restates and incorporates by reference its responses to paragraphs 1 through 44.

46.     An actual case or controversy exists between Lenovo and Plaintiff as to whether the '328 patent is invalid.

**NDT's Answer:**  Admitted.

47.     A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights as to whether the '328 patent is invalid.

**NDT's Answer:**  Admitted.

48.     The '328 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq*., including §§ 101, 102, 103, and 112.

**NDT's' Answer:**  Denied.

49.   This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**NDT's Answer:**  NDT denies that Lenovo is entitled to attorney fees under 35 U.S.C. § 285, and consequently denies the allegations contained in this paragraph.

## PRAYER FOR RELIEF

WHEREFORE, Lenovo prays for judgment as follows:

a.  A judgment dismissing Plaintiff's Complaint against Lenovo with prejudice;

b.  A judgment in favor of Lenovo on all of its Counterclaims;

c.  A declaration that Lenovo has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the '578, '439, '498, and '328 patents;

d.  A declaration that the claims of the '578, '439, '498, and '328 patents are invalid;

e.  A declaration that this case is exceptional and an award to Lenovo of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

f.  A judgment limiting or barring Plaintiff's ability to enforce the '578, '439, '498, or '328 patents in equity; and

g.  Such other and further relief as this Court may deem just and proper.

**NDT's Answer:**  NDT denies that Lenovo is entitled to judgment in its favor or any relief requested in its Request for Relief, and requests that the Court deny Lenovo's requested relief and award NDT the relief requested in NDT's Complaint.

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Lenovo, by separate filing, respectfully demands a jury trial of all issues triable to a jury in this action.

**NDT's Answer:**  NDT admits that Lenovo demands a jury trial of all issues triable to a jury in this action.

Dated: April 20, 2015

Respectfully submitted,

*/s/ Alisa Lipski*
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Alisa A. Lipski
Texas Bar No. 24141345
alipski@azalaw.com
Justin Chen
Texas Bar No. 24074204
jchen@azalaw.com
Jamie A. Aycock
Texas Bar No. 24050241
jamieaycock@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS,
      ALAVI & MENSING P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR PLAINTIFF NEXUS
DISPLAY TECHNOLOGIES LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 20, 2015.

*/s/ Alisa Lipski*