# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **NEXUS DISPLAY TECHNOLOGIES LLC,** | § | **Case No.: 2:14-cv-00762-JRG** |
| | § | |
| **Plaintiff,** | § | |
| | § | **Jury Trial Requested** |
| **v.** | § | |
| | § | |
| **DELL INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## NEXUS DISPLAY TECHNOLOGIES LLC's
## SUR-REPLY IN OPPOSITION TO DELL, INC.'S
## MOTION TO STRIKE UNTIMELY EXPERT DECLARATION

Dell offers no rebuttal for the argument that Nexus complied with the plain language of Patent Rule 4-3 by identifying Dr. Mangione-Smith in the parties' joint claim construction brief. Instead, Dell simply rehashes the same case law interpretations it set forth in its motion that cherry-pick sentences from certain opinions to support its misguided arguments, and then asks the Court to completely ignore the facts of these allegedly "seminal" cases. And although Dell blames Defendants who have long since been dismissed from this litigation for the length of the claim construction list that included terms Dell never intended to propose for construction, Dell does not offer any reasonable explanation as to why its expert did not address all (or even a majority) of the proposed claim construction terms in its declaration. Dell's intent is clear based on the fact that Dell's declaration—served late on the night the joint claim construction statement was filed—only addressed a small number of terms on the bloated list that just happened to be the terms Dell ultimately proposed. The Court should deny Dell's motion to strike because Nexus complied with P.R. 4-3 and Dell has not demonstrated it will suffer any prejudice. This Court should not

encourage parties to identify far more terms than they intend to have construed in an effort to force opposing counsel to waste resources or risk having an expert declaration struck.

### A. Nexus complied with the local rules.

Dell's reply ignores the plain language of P.R. 4-3 when it argues that Nexus failed to comply with the rule's requirements. The plain language of P.R. 4-3(b) states only that parties must identify the testimony of expert witnesses.  There is nothing in the rule requiring the parties to submit a declaration, affidavit, or other document outlining the expert's actual opinions contemporaneously with the joint claim construction brief.

Contrary to Dell's arguments, Nexus identified Dr. Mangione-Smith as the expert who would provide support for Nexus's claim interpretations throughout the brief.  (Dkt. 106.)  Nexus also disclosed the subject matter of Dr. Mangione-Smith's opinions, by stating that he would provide testimony on the meanings of certain terms to a person of ordinary skill in the art.  (Dkt. 106.)  This is more than sufficient to comply with P.R. 4-3.

Moreover, Dell had ample opportunity to depose Dr. Mangione-Smith between the filing of the joint claim construction brief of April 20, 2015, and the close of claim construction discovery on May 20, 2015.  (Dkt. 107.)  Dell is trying to read a requirement into the local rules that does not exist, because Dell sat on its hands by not deposing Dr. Mangione-Smith between April 20th and May 20th.  As a result, the language of the local patent rules does not support Dell's position.

### B. The cases cited by Dell provide no support for its draconian interpretation of the local rules.

Because the plain language of P.R. 4-3 does not support Dell's arguments, Dell's only recourse is to distort opinions granting motions to strike, even though the facts of those cases are in no way similar to the instant situation.  Dell's readings of the *Lodsys*, *TQP*, and *Largan* cases are not only wrong, but misleading.

First, Dell's allegation that Nexus's failed to comply with the directives in *Lodsys* are conclusory at best.  As set forth in the response, Nexus met the requirements set out in *Lodsys* by explicitly identifying Dr. Mangione-Smith and the claims on which he would submit an opinion. (Dkt. 106, Joint Claim Construction Brief; Dkt. 144, Nexus' Resp. to Dell's Mot. to Strike.)  By criticizing Nexus for not submitting an expert declaration at the time of the joint statement, Dell is attempting to read a requirement into the local patent rules that simply does not exist.

Second, in *TQP*, the court followed the reasoning in *Lodsys* set out above.  But the factual situation in *TQP Dev., LLC v. Wells Fargo & Co.* is similarly inapplicable.  No. 2:12-cv-61-JRG-RSP, 2013 WL 6247363 (E.D. Tex. Dec. 2, 2013).  In *TQP*, the Court struck an expert declaration that plaintiff attached for the first time to a *reply* claim construction brief.  The plaintiff in *TQP* did not identify the expert or disclose anything about his opinions at the time of the joint claim construction statement.  To the contrary, Nexus did both.

Third, *Largan Precision Co. v. Fujifilm Corp.*, from the Northern District of California, is not binding on this Court, nor do the facts of that opinion resemble this situation in any way. No. 10-cv-1318, 2012 WL 4097719 (N.D. Cal. Sept. 17, 2012).  In *Largan*, the court struck an expert declaration submitted for the first time with a *supplemental* claim construction brief by an expert that the plaintiff did not identify in the joint claim construction statement.  *Id.* at *4.  Unlike *Largan*, Nexus identified Dr. Mangione-Smith in the joint claim construction statement.

Each of the cases cited by Dell is distinguishable from the present situation and Dell has provided no legal justification for its position.  Rather than endorse Dell's convoluted approach, the Court should read and apply the plain language of Patent Rule 4-3, which does not require the production of an expert declaration with the joint claim construction statement.

**C.   It is disingenuous for Dell to blame the other Defendants for its inflated term list.**

Finally, Dell's blame on other Defendants previously involved in this litigation for the excessive number of claim terms does not make sense for several reasons.  First, the fact that other Defendants may have suggested terms for construction does not explain why Dell's expert declined to address all of the terms in his declaration.  If all of the 43 suggested terms were truly at issue, and the Defendants were serious about contesting their meaning, then it is reasonable to assume that Dell's expert would have discussed all of them (or at least most of them) in his declaration. Moreover, Dell points the finger at Defendants who are no longer involved in this litigation for adding extraneous terms to the list, yet tellingly Dell declines to indicate just how many of the terms it submitted.

Regardless, at the time the parties' filed their joint claim construction brief on April 20, 2015, two groups of the original defendants—the Eizo Defendants and Panasonic—had already been formally dismissed from the case.  (Dkt. 80, Joint Stipulation of Plaintiff Nexus Display Technologies LLC and Defendants Eizo Corp. and Eizo Inc. of Dismissal With Prejudice, dated March 3, 2015; Dkt. 76, Joint Stipulation of Plaintiff Nexus Display Technologies LLC and Defendant Panasonic Corporation of North America of Dismissal With Prejudice, dated  February 18, 2015.)  Additionally, as of April 6, 2015, Nexus and the NEC Defendants had already reached a settlement, even though the claims against them had not yet been formally dismissed from the case.  (Dkt. 95, Joint Motion to Stay Case Deadlines Pending Finalization of Settlement, filed April 6, 2015.)  Ultimately, Dell, Lenovo, and Nexus were the only signatories to the Joint Claim Construction Statement, and Dell was the only defendant to submit an expert declaration.  (Dkt. 106.)  As a result, Dell's explanation for its artificially inflated list of 43 claim terms does not pass muster, and Dell has failed to offer any plausible explanation for why its expert declaration only

addressed 13 of the 43 terms submitted for construction.  Dell's gamesmanship should not be rewarded.

## CONCLUSION

The Court should deny Dell's motion to strike because Nexus complied with P.R. 4-3 and Dell will not suffer any prejudice in any event.

Dated: June 18, 2015                        Respectfully submitted,

/s/ Jamie Alan Aycock
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Alisa A. Lipski
Texas Bar No. 24041345
alipski@azalaw.com
Jamie A. Aycock
Texas Bar No. 24050241
jamieaycock@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Justin Chen
Texas Bar No. 24074204
jchen@azalaw.com
Megan Bibb
Texas Bar No. 24073924
mbibb@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR PLAINTIFF NEXUS
DISPLAY TECHNOLOGIES LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 18, 2015.

*/s/ Jamie Alan Aycock*
Jamie Alan Aycock