

North America   Europe   Asia

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

**KIMBALL R. ANDERSON**
kanderson@winston.com
312.558.5858
apesce@winston.com

August 26, 2015

The Honorable Robert W. Schroeder, III
United States Courthouse and Post Office
500 North State Line Ave., 3rd Floor
Texarkana, Texas 75501

Re:       **Dell Inc.'s Letter Brief Requesting Permission to File Dispositive Motion Regarding
          Breach of Contract and Limitations on Damages in** *Nexus Display Technologies,
          LLC. v. Dell Inc.*, **No.  2:14-cv-762-RWS**

Dear Judge Schroeder:

In compliance with this Court's Docket Control Order [Dkt. No. 47], we write to request permission on behalf of our client Dell Inc. ("Dell") to file a motion for summary judgment with respect to Dell's affirmative defenses and counterclaims regarding Plaintiff Nexus Display Technologies, LLC's ("Nexus") breach of its obligation to offer fair, reasonable and non-discriminatory licenses for the Asserted Patents.  Dell is entitled to judgment as a matter of law pursuant to Rule 56, Federal Rules of Civil Procedure.

A.     BACKGROUND

Nexus has accused Dell of infringing four patents that, in general, claim inventions for transmitting audio and video signals from a computer processor to a display.  These four patents are U.S. Patent Nos. 5,835,498 ("the '498 Patent"), 7,143,328 ("the '328 Patent"), 7295,578 ("the '578 Patent"), and 7,599,439 ("the '439 Patent"). According to Nexus' infringement contentions, Dell infringes the asserted patents by selling and offering for sale computer and monitors that are compatible with the DisplayPort digital display interface standard.  By way of background, DisplayPort is a standardized interface for the transmission and reception of digital information, typically used to connect a video source like a computer to a display, like a computer monitor.

The DisplayPort standard is administered by the Video Electronics Standards Association ("VESA"), a non-profit standard-setting body responsible for overseeing and licensing related to the display standard.  As is typical of industry-wide standards in computer technology, VESA oversaw an open development and adoption period prior to finalizing the DisplayPort standard, where patent owners who believed that their patents would necessarily be infringed by the not-yet-adopted DisplayPort standard could declare their intent to seek licensing royalties for the standard.  VESA established an



Intellectual Property Rights ("IPR") Policy[1], and patent holders who believed their patents would necessarily be infringed by anyone implementing the DisplayPort standard were invited to fill out the Exhibit C: IPR Response Form, and identify any patents or applications they believed were necessarily infringed by the standard.

According to documents produced by Nexus in this case, a month before bringing this action against Dell, Nexus acquired the asserted patents by assignment from Acacia Research Group, LLC ("Acacia"). Prior to the assignment from Acacia to Nexus, Acacia acquired the asserted patents through a series of assignments between Silicon Image, Inc. and Acacia. Specifically, Silicon Image assigned the '439 Patent to Acacia on April 11, 2014, who in turn assigned the '439 Patent to Nexus on June 16 that same year. Prior to the assignment to Acacia, however, Silicon Image had disclosed to VESA that Silicon Image believed the '439 Patent was necessarily infringed by the DisplayPort standard. On October 17, 2012, Silicon Image representative Roger Isaac, who is believed to have been Silicon Image's director of Market and Business Development at the time, filled out and signed Exhibit C IPR Response Form to the VESA's IPR Policy. Silicon Image affirmatively indicated that it believed that the '439 Patent would necessarily be infringed by the use or implementation of the DisplayPort standard. Silicon Image then promised to:

> license all patent claims which are owned by it and which are necessarily infringed by the use or implementation of the proposed specification/standard, on a perpetual . . ., non-exclusive and worldwide basis, to those [ ] desiring to use or implement such specification/standard; and that such license shall be . . . with the requirement of paying a royalty or other fee, and under RAND (Reasonable and Non-Discriminatory) terms and conditions that are Reasonable and Non-Discriminatory.

(Exhibit C, IPR Policy.)

Dell is a member of VESA and is a third-party beneficiary of Silicon Image's promise to license its standard-essential patents on fair, reasonable and non-discriminatory terms. Nexus, as the purported assignee of the asserted patents from Silicon Image (through Acacia), is bound by Silicon Image's agreements, licenses, covenants, obligations, and promises relating to the asserted patents. Nexus, however, initiated the present litigation against Dell prior to making any offer to Dell to license the asserted patents on reasonable and non-discriminatory terms. After the initiation of this litigation, Dell requested that Nexus provide Dell with a RAND licensing offer, which Nexus has refused, and denies that it is bound by Silicon Image's promises regarding the asserted patents.

### B. DELL IS ENTITLED TO SUMMARY JUDGMENT FOR NEXUS'S BREACH OF CONTRACT, AND LIMITING NEXUS'S POTENTIAL DAMAGES

There should be no factual dispute that Nexus's predecessor-in-interest, Silicon Image, entered into a binding contract with VESA to license the asserted patents, including the '439 Patent, on RAND

---

[1] Also referred to as VESA Policy #200B, *available at* http://www.vesa.org/wp-content/uploads/2010/11/VP200B.pdf (last visited July 27, 2015).



terms to all VESA members and non-members seeking to use or implement the DisplayPort standard. Likewise, there should be no dispute that Dell, as a member of VESA, is a third-party beneficiary of Silicon Image's agreement to license its patents necessarily infringed by the DisplayPort standard on RAND terms. *See Microsoft Corp. v. Motorola, Inc.*, No. 2:10-cv-01823-JLR, Dkt. No. 188 at 10-11 (W.D. Wash. Feb. 27, 2012) ("[T]here is no genuine issue of material fact and that Microsoft is entitled to judgment as a matter of law with respect to" Microsoft being a third-party beneficiary of Motorola's promises to license on RAND terms).

Further, there should be no dispute that Nexus, as the owner by assignment of the asserted patents, is obligated to uphold Silicon Image's promises to VESA and its members, and thus offer the claimed standard-essential patents on RAND terms to Dell. *See In re Innovatio IP Ventures, LLC Patent Litig.*, 921 F. Supp. 2d 903, 923 (N.D. Ill. 2013) ("Innovatio's predecessors made a contractual promise to Cisco to offer licenses on RAND terms to all users of the relevant IEEE standards. If Innovatio fails to perform that obligation to any of those users, Cisco can sue Innovatio to recover all foreseeable damages it suffers because of that breach."). Courts assessing similar RAND demands have held that the current owner of allegedly infringed patents, in this case Nexus, is legally obligated to uphold the promises of its predecessors in interest, in this case Silicon Image. *Id*; *see also* Opening Remarks of Federal Trade Commission ("FTC") Chairman Jon Leibowits as Prepared for Delivery in *In the Matter of Motorola Mobility LLC, a limited liability company, and Google, Inc., a corporation* at 3, FTC File No. 121-0120 (Jan. 3, 2013) ("FTC's Opening Remarks"), Dkt. No. 68-2 ("[C]ommitments to make patents available on reasonable terms matter, and . . . companies cannot make those commitments when it suits them—that is, to have their patents included in a standard and then behave opportunistically later, once the standard is in place and those relying on it are vulnerable to extortion.").

Dell is entitled to summary judgment that Nexus breached its obligation to VESA and its members by failing to offer Dell a license to the asserted patents formerly owned by Silicon Image on RAND terms.[2] Initiation of the present litigation against Dell before offering a license to the Asserted Patents on RAND terms is a *per se* breach of Nexus's obligation to license its declared DisplayPort standard-essential patents on RAND terms. *See Realtek Semiconductor, Corp. v. LSI Corp.*, No. 12-cv-03451-RMW, Dkt. No. 102 (N.D. Cal. May 30, 2013) (granting summary judgment). Nexus, in bringing an infringement action against Dell for infringing patents it believes are necessarily infringed by compatibility with the DisplayPort standard, is required to offer Dell a license to at least the '439 Patent on fair, reasonable, and non-discriminatory terms. Dell has made repeated requests to Nexus seeking reasonable and non-discriminatory licensing terms from Nexus, who has refused. Accordingly, Dell is entitled to summary judgment that Nexus has breached its contractual obligations to VESA and Dell is entitled to damages stemming from that breach, including the costs and expenses associated with defending this litigation.

---

[2] Dell is not precluded from seeking relief on substantive issues of liability like non-infringement and invalidity while simultaneously pursuing the determination of a RAND royalty rate, "even though those issues may ultimately obviate the need for a license." *Realtek Semiconductor, Corp. v. LSI Corp.*, No. 12-cv-03451-RMW, Dkt. No. 102 at 10 (N.D. Cal. May 30, 2013).



August 26, 2015
Page 4

Very truly yours,


/s/  Kimball R. Anderson