

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

KIMBALL R. ANDERSON
kanderson@winston.com
312.558.5858
apesce@winston.com

August 26, 2015

The Honorable Robert W. Schroeder, III
United States Courthouse and Post Office
500 North State Line Ave., 3rd Floor
Texarkana, Texas 75501

Re:   Dell Inc.'s Letter Brief Requesting Permission to File Dispositive Motion Regarding Non-Infringement for Lack of Proof in *Nexus Display Technologies, LLC. v. Dell Inc.*, No.  2:14-cv-762-RWS

Dear Judge Schroeder:

In compliance with this Court's Docket Control Order [Dkt. No. 47], we write to request permission on behalf of our client Dell Inc. ("Dell") to file a motion for summary judgment with respect to the following non-infringement issues.

Plaintiff Nexus Display Technologies, LLC ("Nexus") has accused Dell of infringing four patents that, in general, claim inventions for transmitting audio and video signals from a computer processor to a display.  These four patents are U.S. Patent Nos. 5,835,498 ("the '498 Patent"), 7,143,328 ("the '328 Patent"), 7,295,578 ("the '578 Patent"), and 7,599,439 ("the '439 Patent").  The accused functionality is provided to Dell by computer chip manufacturers, such as Intel.  In this case, Intel chips providing the accused functionality are installed in over ninety (90) percent of the accused Dell notebook and desktop computers.

    A.    **DELL IS ENTITLED TO SUMMARY JUDGMENT OF NON-INFRINGEMENT FOR DELL PRODUCTS INCORPORATING THIRD-PARTY CHIP PRODUCTS FOR WHICH NEXUS HAS NOT PROVIDED PRODUCT-SPECIFIC INFRINGEMENT CONTENTIONS**

Instead of addressing infringement on a product-specific basis, Nexus's infringement contentions merely cite to a specific version of the DisplayPort Standard.  To date, Nexus has failed to provide any evidence of infringement with respect to the accused Dell products incorporating third-party chip products, nor has Nexus sought leave to add or supplement its infringement contentions with respect to third-party chip products.  Any attempt by Nexus to raise issues with respect to third-party chip products at this late stage would be highly prejudicial to Dell because it would force Dell to prove non-infringement with respect to third-party chip products without any discovery, and without any product-specific indication of how Nexus contends those products allegedly infringe or any opportunity to perform a comprehensive investigation on those third-party chip products.  Given this absence of evidence of infringement, summary judgment for non-infringement is appropriate with respect to the Dell products incorporating chip products supplied by third-parties.  *See generally Linex Tech., Inc. v. Belkin*



August 26, 2015
Page 2

*Int'l, Inc.*, 628 F. Supp. 2d 703, 708 (E.D. Tex. 2008) ("Plaintiff cannot rest its Infringement Contentions on this standard alone without specifically linking the 802.11n-standard configuration to the Accused Products."); *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-CV-116, 2010 WL 346218, at *3 (E.D. Tex. Jan. 21, 2010) ("EON must put forward its position as to where it believes particular limitations are met by the accused instrumentalities.").

For the foregoing reasons, Dell respectfully requests permission to file a motion for summary judgment of non-infringement of the patents-in-suit for the accused Dell products incorporating third-party chip products for which Nexus has not provided product-specific infringement contentions.

**B. DELL IS ENTITLED TO SUMMARY JUDGMENT OF NON-INFRINGEMENT FOR WHICH NEXUS HAS NOT PROVIDED VERSION-SPECIFIC INFRINGEMENT CONTENTIONS**

Relatedly, Nexus' infringement contentions allege that Dell's products that are compatible with the DisplayPort Standard infringe the patents-in-suit. The infringement contentions, however, only provide evidence for version 1, revision 2 of the DisplayPort Standard (i.e., DisplayPort 1.2), even though additional versions of the standard exist and have been adopted, including versions 1.0, 1.1, 1.1a, 1.2a, and 1.3. Not all accused Dell products comply with each version of DisplayPort, including DisplayPort 1.2, which was only released in 2009. For example, the accused Dell products that incorporate the Intel HD Graphics 4000 chip product comply with DisplayPort 1.1, but not DisplayPort 1.2. Nexus has not provided any infringement contentions supporting a claim that Dell products that do not comply with DisplayPort 1.2 infringe any claim of the asserted patents.

Any attempt by Nexus to allege or amend its contentions with respect to additional versions of the DisplayPort standard other than DisplayPort 1.2 would be highly prejudicial to Dell. To begin with, although fact discovery closes in several days, Nexus has not identified the specific versions of DisplayPort that, if Dell's products were compatible with that standard, would allegedly infringe the patents-in-suit. The only version so identified by Nexus is version 1.2. Additionally, Nexus's failure to provide version-specific infringement contentions would require Dell to establish non-infringement without any version-specific indication as to how Nexus contends that Dell products compatible with versions of the DisplayPort standard other than version 1.2 also infringe the asserted patents. Dell would likewise not have the benefit of discovery into the other DisplayPort standard which Nexus had failed to provide contentions showing how Dell products compatible with those additional standards allegedly infringe the asserted patents.

In light of the absence of evidence of infringement, Dell is entitled to summary judgment for non-infringement for all Dell products that do not comply with DisplayPort 1.2. *See Linex Tech., Inc.*, 628 F. Supp. 2d at 710 ("Since Plaintiff has chosen to use the draft standard as a basis for infringement, Plaintiff cannot now assert that non-compliant products infringe in exactly the same manner without laying out some level of detail to explain to the Defendants how the non-compliant products are asserted to infringe.").



August 26, 2015
Page 3

    For the foregoing reasons, Dell respectfully requests permission to file a motion for summary judgment of non-infringement of the patents-in-suit for which Nexus has not provided version-specific infringement contentions.

Very truly yours,

/s/ Kimball R. Anderson