**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NEXUS DISPLAY TECHNOLOGIES LLC, | Civil Action No: 2:14-cv-00762 |
| Plaintiff, | (Lead Case) |
| v. | |
| DELL INC. | No: 2:14-cv-00762 |
| LENOVO (UNITED STATES) INC., | No. 2:14-cv-00763 |
| | (Consolidated Cases) |
| Defendants. | |
| | Jury Trial Requested |

**EMERGENCY OPPOSED MOTION BY DEFENDANT DELL INC. TO STAY**
**PROCEEDINGS PENDING THE RESOLUTION**
**OF ITS PETITION FOR WRIT OF MANDAMUS**

Defendant Dell Inc. moves this Honorable Court to stay all proceedings pending resolution by the Federal Circuit of Dell's Petition for Writ of Mandamus seeking an order to transfer this case to the Northern District of California.

**I.    INTRODUCTION**

Defendant Dell Inc. ("Dell") originally filed a Motion to Transfer Venue to the United States District Court for the Northern District of California ("Motion to Transfer") on January 22, 2015.  Because Dell was uncertain about when the Court would rule on the motion and because the Federal Circuit has instructed parties that they may waive venue transfer issues by not seeking a ruling on the motion to transfer, Dell filed a Petition for Writ of Mandamus on August 19, 2015, requesting an order for this Court to rule.  Shortly after that filing, this Court ruled and denied Dell's motion to transfer [Dkt. No. 181].  On September 8, 2015, Dell filed a

second Petition For Writ of Mandamus requesting an order directing this Court to transfer this case to the Northern District of California.  [*See* Dkt. No. 203.]

The next day, the Court of Appeals *sua sponte* set an expedited briefing schedule [Dkt. No. 204].  Plaintiff Nexus Display Technologies, LLC's ("Nexus") response is due September 16, 2015.  Dell's reply is due three days thereafter.  Given the current case schedule, and out of respect for the Federal Circuit, Dell requests that this Court stay all pending case deadlines pending a ruling on its pending Petition For Writ Of Mandamus.

## II.  ARGUMENT AND CITATION OF AUTHORITY

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983)).  "The factors the Court considers in determining whether a stay pending petition for writ of mandamus is warranted are the same as a stay pending appeal: (1) the likelihood that the party seeking the stay will prevail on the merits of the petition; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay."  *Citizens for Responsibility & Ethics in Washington v. Cheney*, 580 F. Supp. 2d 168, 177 (D.D.C. 2008).  In the instant case, all the factors weigh heavily in favor of staying these proceedings.

### A.  LIKELIHOOD OF PREVAILING ON THE MERITS

The likelihood that Dell will prevail on the merits can be determined from Dell's renewed (second) Petition For Writ of Mandamus, a copy of which is attached hereto as Exhibit 1.  As explained therein, the District Court erred as matter of law and fact.

## B.   DELL WILL SUFFER SIGNIFICANT PREJUDICE IF ITS MOTION TO STAY IS DENIED

The Court should stay these proceedings to give the Federal Circuit ample time to resolve the venue issue and to unburden both the parties and the Court from unnecessary work and expense in the event that the Federal Circuit determines that the case should be transferred to the California federal court.   Proceeding with this case before the Federal Circuit rules on Dell's Petition would prejudice Dell by causing it to incur significant expenditures in time and resources unnecessarily.   This month, the parties will be engaged in fact and expert discovery all around the country.   Moreover, substantial pretrial preparation is ongoing, as well as continued work concerning the parties' dispositive motions.   Proceeding on the merits of the case in any way, prior to fully disposing of the transfer issue, would deny Dell's procedural right to litigate this case in a substantially more convenient venue.   *In re Fusion-io*, 489 F. App'x 465, 466 (Fed. Cir. 2012) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003)); *see also McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir. 1970).

## C.   A STAY WILL NOT PREJUDICE NEXUS

A stay at this stage in the litigation will not prejudice Nexus.   The Court has not yet issued its *Markman* ruling, the parties have not completed fact discovery, and the parties have not embarked on expert discovery.   Moreover, Nexus does not manufacture or sell products, and does not have any market share.   Nexus, therefore, faces no threat of irreparable harm caused by any alleged infringement during the stay period.   Similarly, any entitlement to monetary damages will not be prejudiced by a stay.

## D.   A STAY WILL PROMOTE JUDICIAL EFFICIENCY AND AVOID DUPLICATIVE LITIGATION

"Judicial economy requires that [a] district court should not burden itself with the merits of the action until it is decided that a transfer should not be effected . . . ."   *McDonnell Douglas*

*Corp.*, 429 F.2d at 30.   Here, the parties are facing impending deadlines for fact discovery, affirmative expert reports, responsive expert reports, expert discovery, and dispositive motions. In light of these pending deadlines, a brief stay to resolve Dell's Motion to Transfer would significantly promote judicial economy.   *See B.E. Tech., LLC v. Sony Computer Entm't Am., LLC et al.*, 2013 WL 524893, at *1 (W.D. Tenn. Feb. 11, 2013) (granting motion to stay in light of upcoming deadlines under the court's Local Patent Rules); *One Stockduq Holdings, LLC v. Becton, Dickinson and Co.*, No. 2:12-cv-3037 (W.D. Tenn. Feb. 13, 2013) (same); *see also Sanofi-Aventis Deutschland Gmbh v. Genentech, Inc. et al.*, No. 9:08-cv-203 (E.D. Tex. May 29, 2009) (order granting emergency motion to stay).   By staying these proceedings until the Federal Circuit rules on Dell's Petition for Writ of *Mandamus*, the Court will preserve judicial economy, avoid unnecessary expenditure of time and resources on complex and potentially dispositive matters, and simplify the issues at this stage of the litigation.

## III.   CONCLUSION

For the above reasons, Dell respectfully requests that this Honorable Court order a stay of all other proceedings pending resolution by the Federal Circuit of Dell's Petition for Writ of Mandamus.

Dated: September 11, 2015                    By:  */s/ Kimball R. Anderson*

Kimball R. Anderson
kanderson@winston.com
Kathleen B. Barry
kbarry@winston.com
Anthony D. Pesce
apesce@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Deron R. Dacus
ddacus@dacusfirm.com
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-7233
Facsimile: (903) 705-1117

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Kimball R. Anderson*

Kimball R. Anderson

## CERTIFICATE OF CONFERENCE

The undersigned verifies that counsel have complied with the meet-and-confer requirement under Local Rule CV-7(h) on September 10 and 11, 2015.  Plaintiff's counsel, Amir Alvi and Jamie Aycock, stated that Plaintiff opposes the relief requested in this motion.

*/s/ Anthony D. Pesce*
Anthony D. Pesce